IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE OFFOLTER, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-24-749-D ) |
| HORSERACING INTEGRITY AND SAFETY AUTHORITY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

# **O R D E R**

The matter before the Court is Plaintiffs' Emergency Application for a Temporary Restraining Order [Doc. No. 5] under Fed. R. Civ. P. 65.  The Court previously found that the Application fails to satisfy the requirements of Rule 65(b)(1) for the issuance of a temporary restraining order, or TRO, without notice.  *See* 8/1/24 Order [Doc. No. 12]. Accordingly, the Court invited response briefs [Doc. Nos. 18 and 19] and held a hearing August 7, 2024, attended by counsel for all parties.[1]

Plaintiffs' lawsuit challenges the application to the Oklahoma horseracing industry of the Horseracing Integrity and Safety Act of 2020 ("HISA") as amended, 15 U.S.C. §§ 3051-60, and its implementing regulations.  Plaintiffs move to block the enforcement of HISA during the upcoming horseracing season and, specifically, to "enjoin Defendants from implementing and enforcing HISA's rules in Oklahoma until December 13, 2024,

---

[1] The purpose of the hearing was to receive any additional evidentiary materials or arguments that the parties wished to present.  Plaintiffs made a limited evidentiary presentation. All parties presented limited oral arguments and otherwise stood on their briefs.

through the 2024 Remington Park Thoroughbred race meet, or a final hearing on the merits." *See* Pls.' Appl. at 20. Granting this request would effectively result in the issuance of a preliminary injunction. However, Plaintiffs' motion was filed less than a week after the Complaint, before service of process or any responsive pleading. Thus, the Court will consider Plaintiffs' motion only as one seeking a TRO.

## Background

Plaintiffs Joe Offolter, Danny Caldwell, Elizabeth Butler, Randy Blair, Bryan Hawk, Scott Young, Boyd Caster, and Michael Major are Oklahoma racehorse owners, trainers, and an assistant trainer covered by HISA. "Most" will participate in the Thoroughbred racing season at Remington Park in Oklahoma City that begins August 16, 2024. *See* Compl. [Doc. No. 1] ¶ 6. Defendants are the federal agency, federal official, and private nonprofit corporation authorized by HISA to develop and enforce uniform national drug and safety standards for horseracing: Horseracing Integrity and Safety Authority, Inc. (the "Authority"); Federal Trade Commission ("FTC"); and Lina Khan in her official capacity as FTC's Chair.

This case is a declaratory judgement action claiming that HISA unconstitutionally delegates executive power to the Authority, and its designee, Drug Free Sport, LLC dba Horseracing Integrity and Welfare Unit ("HIWU"), in violation of the Vesting Clauses in Articles I and II of the Constitution. *See* Compl. ¶¶ 31-33. Plaintiffs also claim that certain enforcement rules enacted under HISA violate the Fourth Amendment (by authorizing warrantless searches and seizures) and the Seventh Amendment (by authorizing civil penalties). *Id*. ¶¶ 34, 36, 51-52, 54-55. Finally, Plaintiffs claim under

2

the Administrative Procedures Act, 5 U.S.C. §§ 701-06, that the enforcement rules and other rules regarding registration and fee assessments exceed the statutory authority granted by HISA, and that FTC's promulgation of the rules was arbitrary and capricious. *Id.* ¶¶ 40-57.

Various challenges to HISA's regulatory scheme have been moving through the federal court system while legislative and regulatory amendments have been made. The Authority has been enforcing the current regulations in Oklahoma for more than a year. With the exception of Plaintiff Butler, these same plaintiffs brought and voluntarily dismissed a similar lawsuit involving almost identical claims over a year ago. *See Offolter v. Horseracing Integrity & Safety Auth. Inc.*, Case No. CIV-23-280-D (W.D. Okla. Mar. 29, 2023). The impetus for the present action is a decision by the Fifth Circuit on July 5, 2024, declaring unconstitutional HISA's delegation of enforcement power to the Authority, which vests executive functions in a private entity. *See Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 23-10520, 2024 WL 3311366, at *13 (5th Cir. July 5, 2024).[2] Until the mandate in *Black* issues, however, the plaintiffs in that case (including an Oklahoma horsemen's association) cannot seek injunctive relief from the trial court barring HISA enforcement activities by the Authority and HIWU. Plaintiffs contend that such relief is necessary to prevent an unconstitutional exercise of such power in Oklahoma during the impending horseracing meets.

---

[2] This decision creates a split of authority with the Sixth Circuit, which previously rejected a facial challenge to the constitutionality of HISA's delegation of enforcement power to the Authority. *See Oklahoma v. United States*, 62 F.4th 221, 231-33 (6th Cir. 2023).

3

**Standard of Decision**

The requirements for issuance of a TRO are essentially the same as those for a preliminary injunction: "the moving party must establish that (1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *see Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *New Mexico Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 (10th Cir. 2017). "[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. 22; *N.M. Dep't of Game & Fish*, 854 F.3d at 1245-46.[3]

The primary requirement is that "a movant must establish . . . he is likely to suffer irreparable harm in the absence of preliminary relief." *N.M. Dep't of Game & Fish*, 854 F.3d at 1249-50 (quoting *Winter*, 555 U.S. at 20). "[A] showing of probable irreparable

---

[3] In the Tenth Circuit, "three types of preliminary injunctions are disfavored and require a movant to meet a heightened standard before a preliminary injunction may issue." *N.M. Dep't of Game & Fish*, 854 F.3d at 1246 n.15. These are "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Fish*, 840 F.3d at 723-24 (10th Cir. 2016) (internal quotation omitted). When "seeking such an injunction [the movant] must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (enbanc), *aff'd sub nom.*, 546 U.S. 418 (2006); *see Fish*, 840 F.3d at 724. In this case, Plaintiffs seek to alter the status quo because HISA is currently being enforced in Oklahoma, but Plaintiffs do not acknowledge or attempt to meet this heightened standard.

harm is the single most important prerequisite for the issuance of a preliminary injunction, [and therefore] the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted); *accord First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017), *N.M. Dep't of Game & Fish*, 854 F.3d at 1249. "Although irreparable harm does not readily lend itself to definition, a plaintiff must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *N.M. Dep't of Game & Fish*, 854 F.3d at 1250 (quoting *Fish*, 840 F.3d at 751-52); *accord RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). "That harm 'must be both certain and great,' and not 'merely serious or substantial.'" *N.M. Dep't of Game & Fish*, 854 F.3d at 1250 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). "Moreover, the injury must be "likely to occur before the district court rules on the merits.'" *Id*. (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260 (10th Cir. 2003)).

## Discussion

In this case, Plaintiffs' only argument in their brief regarding irreparable harm appears in a single paragraph. *See* Pls.' Appl. at 17. They argue that, as participants in the Oklahoma horseracing industry, they "may be subject to disqualification, monetary penalties, loss of purse money, and suspension with substantial effects on their livelihoods" and will be "subject to warrantless searches and seizures." *Id*. Plaintiffs contend: "This

5

can occur before a hearing on the merits because the Authority and HIWU are enforcing HISA's unconstitutional provisions without the FTC's supervision right now." *Id.*

The Authority responds that this argument is speculative and unsupported by any factual showing that Plaintiffs are likely to be impacted by enforcement of HISA rules during the upcoming racing season. *See* Auth.'s Resp. Br. at 8-10. Further, the Authority points out there are administrative remedies available to Plaintiffs to "challenge any enforcement decision before any concrete harm occurs." *Id*. at 11. On the issue of irreparable injury, FTC Defendants "join those arguments in full" and argue that Plaintiffs do not show "any injury 'of such *imminence*, that there is a clear and present need for equitable relief to prevent irreparable harm.'" *See* FTC Defs.' Resp. Br. at 21, 23 (quoting *Heidman*, 348 F.3d at 1189).

During the August 7 hearing, counsel for the parties presented oral argument that addressed the requirement to show irreparable harm. Plaintiffs made clear they are making a facial challenge to HISA's enforcement scheme, and they contend the mere existence of unconstitutional regulatory oversight by the Authority and HIWU – that is, the possibility of being subjected to an unconstitutional exercise of the Authority's enforcement power – constitutes irreparable harm that cannot be cured or remedied later by a favorable ruling or judicial declaration. For legal authority, Plaintiffs cite *Axon Enterprise, Inc. v. Federal Trade Commission*, 598 U.S. 175, 191 (2023). Although *Axon* involved an issue of federal court jurisdiction rather than injunctive relief, Plaintiffs rely on dicta stating that where the alleged harm is being subjected to an unconstitutional

6

exercise of authority or an illegitimate decisionmaker, "it is impossible to remedy once the proceeding is over." *Id*.

The Court finds that Plaintiffs' argument is foreclosed by binding precedent. In *Leachco, Inc. v. Consumer Product Safety Commission*, 103 F.4th 748 (10th Cir. 2024), the Tenth Circuit rejected the proposition urged by Plaintiffs, that irreparable harm is shown by an alleged "constitutional injury of being subjected to an administrative proceeding carried out by an unconstitutionally structured agency." *See id*. at 753. Further, the court of appeals expressly rejected the plaintiff's reliance on *Axon* to "establish irreparable harm because *Axon* did not address the issue of irreparable harm, or any other issue regarding entitlement to injunctive relief." *Id*. at 758. The Tenth Circuit declined to convert "the Supreme Court's limited jurisdictional ruling in *Axon*" into a broad ruling that entitles a party challenging an unconstitutionally structured agency "to a preliminary injunction in every case." *See id*. at 759.

This Court is bound to follow *Leachco*. Accordingly, the Court finds that Plaintiffs have failed to make a sufficient showing of irreparable harm to warrant the extraordinary remedy of injunctive relief, particularly the issuance of a TRO. The Court further finds that absent this showing the other three factors need not be considered. In so finding, the Court expresses no opinion about the merits of Plaintiffs' claims or whether injunctive relief might be appropriate on a more developed record. The Court instead determines that the imminent threat of irreparable harm that might warrant relief – particularly the issuance of a TRO on an expedited basis – is simply not present here. This litigation should proceed in the usual course in which all parties have the opportunity to make, and

the Court has the ability to consider, an orderly presentation of the relevant facts and the legal authorities bearing on Plaintiffs' claims.

## Conclusion

For these reasons, the Court concludes that Plaintiffs have not satisfied their burden to make a clear showing that they are likely to suffer irreparable harm if a TRO does not issue to prevent the Authority from enforcing HISA regulations against them.

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Application for a Temporary Restraining Order [Doc. No. 5] is **DENIED**.

**IT IS SO ORDERED** this 8th day of August, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge